USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/07/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
NEW EARTHSHELL CORPORATION,                               :
:
:
Plaintiff,                                    :         14-CV-3602 (JMF)
:
-v-                                                      :         MEMORANDUM OPINION
:                    AND ORDER
JOBOOKIT HOLDINGS LTD, et al.,                           :
:
Defendants.                                   :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On March 5, 2015, the Court issued an Opinion and Order granting the motion to dismiss filed by Defendants Jobookit Holdings Limited, Viumbe, LLC, and Rafi Shkolnik. *See New Earthshell Corp. v. Jobookit Holdings Ltd.*, No. 14-CV-3602 (JMF), 2015 WL 1000343 (S.D.N.Y. Mar. 5, 2015). The Court also granted Defendants' request for attorney's fees, and ordered Defendants to submit an application for attorney's fees and costs. (*Id.* at *7). On March 13, 2015, Defendants submitted an application requesting $61,313.50 in attorney's fees and $47.43 in costs, for a total of $61,360.93. (Docket No. 23; Decl. A. Jeff Ifrah Supp. Defs.' Appl. Reasonable Att'ys' Fees & Costs (Docket No. 25), Ex. 1 ("Defs.' Time Sheet")). By memorandum filed on March 25, 2015, Plaintiff New Earthshell Corporation opposed the request on various grounds. (Docket No. 27). For the reasons that follow, the Court grants Defendants' request for attorney's fees and costs, but reduces the attorney's fees by fifteen percent.

As an initial matter, Plaintiff contends that Defendants are not entitled to collect attorney's fees because they committed fraud in the events giving rise to this litigation. (Pl.'s Br. Opp'n Defs.' Appl. Att'ys' Fees & Supp. Pl.'s Mot. To Defer Consideration Fees (Docket No.

27) ("Pl.'s Mem.") 2-4).  As noted, however, the Court already granted Defendants' request for reasonable attorney's fees in its March 5, 2015 Opinion and Order.  *See New Earthshell Corp.*, 2015 WL 1000343, at *7.  To the extent that Plaintiff's memorandum can be construed as a motion for reconsideration of that decision, it is denied.  For one thing, such a motion must be brought within fourteen days.  *See* S.D.N.Y. Local Civ. R. 6.3; *see also, e.g.*, *Petrisch v. JP Morgan Chase*, 789 F. Supp. 2d 437, 457 (S.D.N.Y. 2011).  For another, reconsideration is appropriate only "where 'the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"  *Medisim Ltd. v. BestMed LLC*, No. 10-CV-2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012) (quoting *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003)).  Plaintiff, however, identifies no such authority or data.[1]

The Court turns, then, to Plaintiff's arguments for a reduction in the fees requested by Defendants.  Three can be quickly rejected.  First, Plaintiff contends that Defendant's award should be reduced because many of the time entries are "extremely vague."  (Pl.'s Mem. 6).  Some of the time entries could indeed have been more detailed, but they contain "contemporaneously-created time records specifying 'for each attorney, the date, the hours expended, and the nature of the work done,'" which is all that the law requires.  *Grievson v. Rochester Psychiatric Ctr.*, 746 F. Supp. 2d 454, 465 (W.D.N.Y. 2010) (quoting *Kirsch v. Fleet*

---

[1] Plaintiff also requests that the Court defer any ruling on fees until after the Second Circuit has resolved Plaintiff's appeal.  (Pl.'s Mem. 4).  The Court already denied that request.  (Docket Nos. 22, 26).  In any event, although the Court has discretion to defer ruling on fees while an appeal is pending, *see, e.g.*, *Mhany Mgmt. Inc. v. Inc. Vill. of Garden City*, 44 F. Supp. 3d 283, 285 (E.D.N.Y. 2014), Plaintiff identifies no compelling reason to delay resolution of the fee request here, *see Turley v. NYC Police Dep't*, No. 93-CV-8748 (SAS), 1998 WL 760243, at *1 (S.D.N.Y. Oct. 30, 1998) ("declin[ing] to defer ruling on [the] plaintiff's entitlement to attorney's fees and costs until appeals have been exhausted").

*St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998)).  Second, Plaintiff contends that defense counsel's billing rates are excessive.  (Pl.'s Mem. 10-11).  But the billing rates for Defendants' counsel — $595 for partners and $395 for an associate — are in line with rates for comparable services that have been approved by courts in this District.  *See, e.g.*, *Nautilus Neurosciences, Inc. v. Fares*, No. 13-CV-1078 (SAS), 2014 WL 1492481, at *2-3 (S.D.N.Y. Apr. 16, 2014) (finding reasonable hourly rates of $603 and $337.50 for a lead litigator and litigation associate); *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 546 (S.D.N.Y. 2008) (awarding $600 hourly rate for partners, $350 for senior associates).  Third, Plaintiff contends that defense counsel engaged in "block billing" (Pl.'s Mem. 7) — that is, a "time-keeping practice that involves stating the total daily time spent on a case, rather than separating out the time into individual entries describing specific activities."  *Adusumelli v. Steiner*, Nos. 08-CV-6932, 09-CV-4902, 10-CV-4549 (JMF), 2013 WL 1285260, at *2, 4-5 (S.D.N.Y. Mar. 28, 2013) (internal quotation marks omitted).  Block billing does, "to some degree," make "it more difficult for the Court to determine with precision exactly how much time was spent on each task," *Ambac Assur. Corp. v. Adelanto Pub. Util. Auth.*, No. 09-CV-5087 (JFK), 2013 WL 4615404, at *2 (S.D.N.Y. Aug. 29, 2013) (internal quotation marks omitted), but it is generally "'not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney,'" *Osterweil v. Bartlett*, — F. Supp. 3d —, No. 09-CV-825 (MAD) (CFH), 2015 WL 1066404, at *9 (N.D.N.Y. Mar. 11, 2015) (quoting *Rodriguez v. McLoughlin*, 84 F. Supp. 2d 417, 425 (S.D.N.Y. 1999)).  Here, the instances in which Defendants engaged in block billing do not prevent the Court from assessing the reasonableness of the fee request, so the Court will not reduce the request on that basis.

Nevertheless, Plaintiff's memorandum does identify several reasons to reduce Defendants' fee request.  First, and most importantly, the number of hours requested is "excessive on its face," *Sea Spray Holdings, Ltd. v. Pali Fin. Grp.*, 277 F. Supp. 2d 323, 325 (S.D.N.Y. 2003), given the nature and complexity of the issues involved in this case.  Defense counsel requests compensation for nearly 130 hours, including over 90 hours spent researching and writing the two motions to dismiss.  (*See* Defs.' Time Sheet).  But Plaintiff's initial complaint — and thus the corresponding motion to dismiss — involved relatively straightforward claims, including claims for breach of contract, unjust enrichment, fraudulent misrepresentation and inducement, and negligent misrepresentation.  (*See* Second Am. Compl. (Docket No. 6) 10-14).  And although Plaintiff subsequently filed an amended complaint in response to Defendants' motion to dismiss (Third Am. Compl. (Docket No. 13)), the new complaint — other than restyling its fraudulent misrepresentation claim — added only a single claim for securities fraud (*id.* at 9-13); accordingly, Defendants' second motion to dismiss required little revision and little additional research.  The excessive hours billed provides one basis upon which to reduce the fee award.  *See, e.g.*, *Luciano v. Olsten Corp.*, 109 F.3d 111, 117 (2d Cir. 1997) ("[A] district court can exclude excessive and unreasonable hours from its fee computation by making an across-the-board reduction in the amount of hours."); *accord Spray Holdings*, 277 F. Supp. 2d at 325-26.

Second, Plaintiff is right in contending that Defendants' fee award should be reduced on the ground that counsel's request includes tasks performed by partners that could have, and should have, been performed by associates.  (Pl.'s Mem. 9-10).  It is well established that a failure to delegate work to junior, less expensive attorneys may be grounds for reducing an award of attorney's fees.  *See, e.g.*, *Mawere v. Citco Fund Servs.(USA) Inc.*, No. 09-CV-1342

4

(BSJ) (DF), 2011 WL 744898, at *7 n.6 (S.D.N.Y. Feb. 7, 2011); *Patrolmen's Benevolent Ass'n of City of New York, Inc. v. City of New York*, No. 97-CV-7895 (SAS), 2003 WL 21782675, at *4 (S.D.N.Y. July 31, 2003).  Here, David Deitch, a partner billing at $595 per hour, spent 6.1 hours on "legal research regarding motion to dismiss" and 4.5 hours on "legal research regarding motion to dismiss; draft same." (Defs.' Time Sheet 2).  Legal research and first-draft writing are tasks that can and should be delegated to associates and not conducted by partners at the highest billing rates.  *See, e.g.*, *Shannon v. Fireman's Fund Ins. Co.*, 156 F. Supp. 2d 279, 301-02 (S.D.N.Y. 2001) (reducing fees where "the billing records for . . . a senior partner . . . show numerous entries for tasks more appropriately handled by younger associates").

Finally, Plaintiff is also correct that Defendants' attorneys have requested compensation for administrative and clerical work that is not compensable as part of an award of attorney's fees.  (Pl.'s Mem. 8-9).  *See, e.g.*, *Marisol A. v. Giuliani*, 111 F. Supp. 2d 381, 391 (S.D.N.Y. 2000) (excluding certain administrative tasks from an award of attorney's fees); *Broome v. Biondi*, 17 F. Supp. 2d 230, 236 (S.D.N.Y. 1997) ("Filing, delivery, service of papers and other similar administrative tasks are not usually considered recoverable expenditures of time for attorneys' fees.").  Activities such as "circulate pdf's [sic] of third amended complaint and exhibits; [c]alendar new deadline for response" do not represent legal work suitable to billing at an attorney's rates; neither does preparation of courtesy hard copies of court filings.  (*See* Defs.' Time Sheet 4-5).

In light of the above considerations — namely, the excessive number of hours devoted to the motions to dismiss, the associate-level work performed by a partner, and the inclusion of clerical work in the request for legal fees — the Court concludes that a fifteen-perfect reduction in fees is appropriate.  *See Toure v. Cent. Parking Sys. of N.Y.*, No. 05-CV-5237 (WHP), 2010

WL 1372589, at *2 (S.D.N.Y. Mar. 26, 2010) (observing that the "Court can reduce fees by a reasonable amount without providing an item-by-item accounting." (internal quotation marks omitted)).  Accordingly Defendants' counsel is awarded $52,116.48 in fees and $47.43 in costs for a total award of $52,163.91.

       SO ORDERED.

Date:  May 7, 2015
       New York, New York

_____
JESSE M. FURMAN
United States District Judge